Mr. David G. Tucker Escambia County Attorney 14 West Government Street, Room 411 Pensacola, Florida 32501 Attention: Mr. Daniel M. LeVay
Dear Mr. Tucker:
You have asked for my opinion on substantially the following questions:
1. May the proceeds of the discretionary local government infrastructure surtax authorized by section 212.055(2), Florida Statutes, be used to make county owned recreational facilities such as parks, playgrounds, and ball parks safe and operational through the purchase of such things as: a. fencing to replace damaged or missing fencing; b. swings to replace unsafe swings or swings missing from swing sets; c. lumber to replace missing or unsafe lumber used in bleachers, and d. lighting fixtures to be used to light playing fields?
2. May the proceeds of the discretionary local government infrastructure surtax authorized by section 212.055(2), Florida Statutes, be used by a county to contract for or purchase materials for the design and planting of trees and shrubbery on existing or new park facilities?
3. May the proceeds of the discretionary local government infrastructure surtax authorized by section 212.055(2), Florida Statutes, be used by a county to purchase equipment such as dump trucks, graders, tractors, loaders, service trucks, and tree planters to be used for the construction, reconstruction, and improvement of park facilities and land improvement?
4. Without regard to whether an expenditure is associated with the construction, reconstruction or improvement of public facilities, may the proceeds of the discretionary local government infrastructure surtax authorized by section 212.055(2), Florida Statutes, be used by a county to purchase service trucks and other vehicles that will be used for the maintenance and repair of park facilities?
In sum:
1. Escambia County is not authorized to expend the proceeds of a discretionary local government infrastructure surtax for such things as fencing, swings, lumber for bleachers and lighting fixtures, as such items do not fall within the definition of a "fixed capital expenditure" or a "fixed capital outlay".
2. Escambia County is not authorized to expend infrastructure surtax proceeds to purchase materials for the design and planting of trees and shrubbery except when those activities are related to other fixed capital expenditures or fixed capital outlays for the construction, reconstruction, or improvement of a public facility such as a public park.
3. The proceeds of a discretionary local government infrastructure surtax may be expended for dump trucks, graders, tractors, loaders, service trucks, and tree planters to be used for projects associated with the construction, reconstruction, or improvement of public facilities such as public parks.
4. Escambia County is authorized to expend the proceeds of a local government infrastructure surtax for vehicles that will be used for official purposes without regard to whether these vehicles may be used for the construction, reconstruction or improvement of public facilities.
According to your letter, a referendum was conducted and the voters of Escambia County approved the levy and collection of a local government infrastructure surtax. The Director of the Parks and Recreation Department of Escambia County has requested a determination of whether the surtax proceeds may be used to purchase building materials for playgrounds, ball fields, walking tracks and other public facilities. In addition, the director proposes to purchase equipment for hauling dirt and other material to construct and improve these playgrounds, ball fields, and walking tracks.
Questions One, Two, and Three
Your first three questions require an analysis of the term "infrastructure" and will be discussed together.
Section 212.055(2), Florida Statutes,[1] authorizes local governments, including counties,[2] to levy a discretionary sales surtax pursuant to ordinance enacted by the members of the county governing body and approved by a majority of the county electors voting in a referendum on the surtax. The statute specifically addresses the purposes for which the surtax may be expended. Subsection (2)(d) states that:
1. The proceeds of the surtax authorized by this subsection and any interest accrued thereto shall be expended by the school district or within the county . . . to finance, plan, and construct infrastructure and to acquire land for public recreation or conservation or protection of natural resources and to finance the closure of county-owned or municipally owned solid waste landfills that are already closed or are required to close by order of the Department of Environmental Protection. . . . Neither the proceeds nor any interest accrued thereto shall be used for operational expenses of any infrastructure. . . . Counties, as defined in s. 125.011(1), may, in addition, use the proceeds to retire or service indebtedness incurred for bonds issued prior to July 1, 1987, for infrastructure purposes. 2. For the purposes of this paragraph, "infrastructure" means: a. Any fixed capital expenditure or fixed capital outlay associated with the construction, reconstruction, or improvement of public facilities which have a life expectancy of 5 or more years and any land acquisition, land improvement, design, and engineering costs related thereto. b. A fire department vehicle, an emergency medical service vehicle, a sheriff's office vehicle, a police department vehicle, or any other vehicle, and such equipment necessary to outfit the vehicle for its official use or equipment that has a life expectancy of at least 5 years.
The terms "fixed capital expenditure" and "fixed capital outlay" are not defined for purposes of this section. However, while not defined in Chapter 212, Florida Statutes, the term "[f]ixed capital outlay" is defined in Chapter 216, for purposes of the fiscal affairs of the state in planning and budgeting. Pursuant to section 216.011(1)(n), Florida Statutes, "[f]ixed capital outlay" means:
real property (land, buildings, including appurtenances, fixtures and fixed equipment, structures, etc.), including additions, replacements, major repairs, and renovations to real property which materially extend its useful life or materially improve or change its functional use and including furniture and equipment necessary to furnish and operate a new or improved facility, when appropriated by the Legislature in the fixed capital outlay appropriation category.
In the absence of a definition of these terms for purposes of Chapter 212, Florida Statutes, a common understanding or definition of the component parts of these phrases may also be useful in determining their scope.[3] The term "fixed," is generally understood to mean something which is securely placed or fastened.[4] "Fixed capital" has been defined to mean the capital invested in fixed assets (land, buildings, machinery)[5] or capital that is durable in character (such as buildings and machinery) and can be used over an extended period of time.[6]
Generally, the term "infrastructure" would not appear to include such items as fencing, swings, lumber for bleachers and lighting fixtures; nor would the purchase of materials for landscape design and tree and shrubbery planting be appropriate. These expenses are more in the nature of day-to-day operational expenses that may not be paid for with surtax proceeds.
However, land improvement or design expenses that may arise in conjunction with a fixed capital expenditure or fixed capital outlay associated with the construction, reconstruction or improvement of public facilities or an expenditure for such things as materials for landscape design may be purchased with the proceeds of the surtax. Thus, landscape design materials may be purchased with surtax proceeds when a new public facility is being built or an existing public facility is being improved. However, these funds may not be used independently for landscape design and improvement in the absence of a related fixed capital outlay.
You also ask whether discretionary local government infrastructure surtax proceeds may be used to purchase certain construction equipment, such as dump trucks, graders, tractors, loaders, service trucks and tree planters that will be used for the construction, reconstruction, and improvement of park facilities and land improvement.
As discussed above, section 212.055(2)(d)2.a., Florida Statutes, authorizes the use of surtax proceeds for "[a]ny fixed capital expenditure or fixed capital outlay associated with the construction, reconstruction, or improvement of public facilities which have a life expectancy of 5 or more years. . . ." "Fixed capital" is understood to mean the capital invested in fixed assets, which include machinery, or capital that is durable in character, such as machinery that can be used over an extended period of time.
Construction equipment such as you have described would come within the scope of "fixed capital expenditure[s] or fixed capital outlay[s]." In addition, you have advised this office that the construction equipment is to be used for "the construction, reconstruction, or improvement of public facilities," i.e., a public park.
Thus, the county would be authorized to expend surtax funds collected pursuant to section 212.055(2), Florida Statutes, for dump trucks, graders, tractors, and other construction equipment that has a life expectancy of five or more years and is to be used for the construction and improvement of public facilities.
Question Four
Finally, you ask whether surtax proceeds may be used to purchase service trucks and other vehicles without regard to whether the equipment is used for the construction, reconstruction or improvement of public facilities.
Section 212.055(2)(d)2.b., Florida Statutes, defines "infrastructure" to include:
A fire department vehicle, an emergency medical service vehicle, a sheriff's office vehicle, a police department vehicle, or any other vehicle, and such equipment necessary to outfit the vehicle for its official use or equipment that has a life expectancy of at least 5 years.
Thus, a vehicle and the equipment required to outfit the vehicle for its official use are appropriate "infrastructure" expenditures within the scope of the statute.
The term "vehicle" is not defined for purposes of Chapter 212, Florida Statutes. However, for purposes of the Florida Uniform Traffic Control Law[7] the term includes "[e]very device, in, upon, or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks."[8] The common definition of a "vehicle" is "a means of carrying or transporting something: conveyance: as . . . motor vehicle[.]"[9]
Thus, vehicles that are used for official business may be considered "infrastructure" for purposes of section212.055(2)(d)2.b., Florida Statutes, and a county may appropriately expend surtax proceeds to purchase such vehicles.[10]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] Section 212.055(2), Fla. Stat. (1993), was amended by Ch. 94-356, s. 51, at 1879, Laws of Florida. The amendment recognized the consolidation of the Department of Environmental Regulation into the Department of Environmental Protection. In addition, the following language of legislative intent was added:
It is the legislative intent that any authorization for imposition of a discretionary sales surtax shall be published in the Florida Statutes as a subsection of this section, irrespective of the duration of the levy. Each enactment shall specify the types of counties authorized to levy; the rate or rates which may be imposed; the maximum length of time the surtax may be imposed, if any; the procedure which must be followed to secure voter approval, if required; the purpose for which the proceeds may be expended; and such other requirements as the Legislature may provide. Taxable transactions and administrative procedures shall be as provided in s. 212.054.
[2] The statute refers to school districts, counties, and municipalities.
[3] Where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning. See, Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984).
[4] See, Webster's Third New International Dictionary Fixed 861 (unabridged ed. 1981); 36A C.J.S. Fix 583 ("Fixed" has been in-terpreted to mean established, firm, fastened, finally determined upon, immovable, securely placed).
[5] See, Black's Law Dictionary Fixed capital 574 (5th rev. ed. 1979).
[6] See, Webster's Third New International Dictionary Fixed capital 861 (unabridged ed. 1981).
[7] Section 316.001, Fla. Stat. (1993), designates Chapter 316 as the "Florida Uniform Traffic Control Law."
[8] Section 316.003(75), Fla. Stat. (1993).
[9] See, Webster's New Collegiate Dictionary 1296 (1975).
[10] And see, Op. Att'y Gen. Fla. 93-92 (1993), concluding that the expenditure of proceeds of a discretionary local option infrastructure sales surtax is within the budget authority of the Board of County Commissioners and should be administered in the same manner as other discretionary sales surtax moneys.